Michele R. Stafford, Esq. (SBN 172509)
Luz E. Mendoza, Esq. (SBN 303387)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: lmendza@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; DAN REDING and JAMES E. MURRAY, Trustees; | Case No. |
| | **COMPLAINT** |
| PENSION TRUST FUND FOR OPERATING ENGINEERS; DAN REDING and JAMES E. MURRAY, Trustees; | |
| PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; | |
| OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; DAN REDING and JAMES E. MURRAY, Trustees; | |
| OPERATING ENGINEERS LOCAL UNION NO. 3 VACATION, HOLIDAY AND SICK PAY TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; and | |
| OPERATING ENGINEERS LOCAL 3 HEAVY AND HIGHWAY TRUST FUND, | |
| Plaintiffs, | |
| v. | |

COMPLAINT
Case No.

1  A1 BROOM SERVICE INC., a California
2  Corporation; and BONDI FORTINI, an Individual,

3         Defendants.

4                                        Parties

5        1.     The Operating Engineers' Health and Welfare Trust Fund (which includes the Assistance

6  and Recovery Program, Inc.) ("Health Fund"); Pension Trust Fund for Operating Engineers (which

7  includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating

8  Engineers Annuity Plan, and the Rehabilitation Fund) ("Pension Fund"); Pensioned Operating

9  Engineers' Health and Welfare Trust Fund (which includes an Administration Fund) ("Pensioned Health

10  Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen

11  Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers

12  Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") are employee benefit

13  plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C.

14  § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

15  Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund,

16  Pension Fund, Pensioned Health Fund, Affirmative Action Training Fund, and Vacation Fund, and have

17  authority to act on behalf of all Trustees of those Funds. The Funds and their fiduciaries are together

18  referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

19        2.     The Operating Engineers Local 3 Heavy and Highway Trust is a Trust established under

20  the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

21        3.     A1 Broom Service Inc., a California corporation, and Bondi Fortini, an individual

22  (collectively, "Defendants"), are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA

23  § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. § 152(2).

24                                      Jurisdiction

25        4.     Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of

26  ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and

27  the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief

28

                                            2

**COMPLAINT**
**Case No.**

to redress such violations, and seek all other appropriate relief under ERISA.

5.     Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that ERISA Plaintiffs seek to enforce the terms and conditions of a valid collective bargaining agreement between Defendants and the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union"), a labor organization as defined in § 2(5) of the NLRA, 29 U.S.C. § 152(5).

6.     To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

7.     Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

8.     Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

9.     The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendants therefore failed to fulfill their statutory and contractual obligations to Plaintiffs.

COMPLAINT
Case No.

Bargaining Agreements

10.     Defendant A1 Broom Service Inc. entered into the Independent Northern California Construction Agreement (the "Independent Agreement") with the Union, which incorporates the Master Agreement ("Master Agreement") between the Union and the United Contractors, Associated General Contractors of California, Inc., Industrial Contractors UMIC, Inc., and Northern Alliance of Engineering Contractors. Under the terms of the Independent Agreement, the principal shareholder of Defendant A1 Broom Service Inc. – Defendant Bondi Fortini – personally guaranteed all amounts claimed herein. Defendant Bondi Fortini, on behalf of Defendant A1 Broom Service Inc. also entered into the Sweeper Agreement for Northern California ("Sweeper Agreement") with the Union, which incorporates the Master Agreement. The Independent Agreement, Sweeper Agreement, and Master Agreement (collectively, "Bargaining Agreements") incorporate the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), which require Defendants to provide employer contributions to Plaintiffs' Trust Funds, to the Union for union dues, and to the Bargained Entities more fully described in the Bargaining Agreements. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

11.     Under the terms of the Bargaining Agreements, and Trust Agreements incorporated therein, Defendants are required to pay certain contributions to the Operating Engineers' Vacation, Holiday & Sick Pay Trust Fund; Operating Engineers Annuity Fund; Job Placement Center and Market Area Committee Administration Market Preservation Fund; Construction Industry Force Account; Funding Improvement Plan;  Assistance & Recovery Program, Inc.; Operating Engineers Industry Stabilization Trust Fund; Heavy & Highway Trust Fund; and Business Development Trust Fund (including the California Alliance for Jobs) (together referred to herein as "Bargained Entities") and dues to the Union.  Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

12.     Under the Bargaining Agreement and Trust Agreements, which are incorporated into the Bargaining Agreement and made binding on Defendants, Defendants are required to regularly pay to

**COMPLAINT**
**Case No.**

1   ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which

2   are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth

3   (15th) day of the month following the month in which hours were worked, and are considered

4   delinquent if not received by the twenty-fifth (25th) day of that month. Defendants are also required,

5   pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten

6   percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each

7   delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust

8   Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the

9   Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in

10   which payment was due, until paid in full.

11        13.    The Bargaining and Trust Agreements further require Defendants to maintain time

12   records or time cards, and to permit an authorized Trust Fund representative to examine such records of

13   Defendants as are necessary to determine whether Defendants have made full payment of all sums owed

14   to ERISA Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide

15   full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the

16   amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and

17   Trust Agreements.

18                    <u>Factual Allegations</u>

19        14.    Defendants have failed and refused to comply with an audit of their payroll records for

20   the period from January 1, 2016 through December 31, 2019.

21        15.    Defendants have also failed to report and pay contributions for hours worked by their

22   employees during the months of October 2016, December 2016 through July 2019, and March through

23   June 2020 for all contract numbers; and January 2019 through February 2020 for contract numbers 142-

24   DU, 141-DR, 140-DQ, 139-DP, 138-DO, and 136-24. In addition to the contributions due, liquidated

25   damages and interest are owed to Plaintiffs for the unpaid contributions for the above-referenced

26   months, as well as for prior late-paid contributions for the period from August 2019 through January

27   2020.

28

**COMPLAINT**
**Case No.**

16.     Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants.

## FIRST CAUSE OF ACTION
### For Compliance with an Audit of their records and Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants

17.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17, above.

18.     Defendants have a contractual duty to timely provide reports of monthly amounts due, and pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreements and Trust Agreements to permit an audit of their records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

19.     In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20.     By refusing to permit an audit of its records, Defendants breached the Bargaining Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

21.     Defendants' failure and refusal to permit the audit and pay the required contributions was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreement, and incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

22.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

**COMPLAINT**
**Case No.**

23.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

24.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1.     For an order,

(a)     requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

(b)     enjoining Defendants from violating the terms of those documents and of ERISA; and

(c)     enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendant's business until said terms have been complied with.

2.     For a judgment against Defendants as follows:

(a)     Any unpaid contributions, due at time of Judgment, including those determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.     To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

ii.     To the Union in accordance with the Bargaining Agreements.

//

**COMPLAINT**
**Case No.**

7

(b)     Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)     Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

3.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

4.     That the Court retain jurisdiction of this case pending compliance with its orders.

5.     For such other and further relief as the Court may deem just and proper

DATED: August 12, 2020                    SALTZMAN & JOHNSON LAW CORPORATION


By:     /S/Luz E. Mendoza
Luz E. Mendoza
Attorneys for Operating Engineers' Health And
Welfare Trust Fund for Northern California, et al.

**COMPLAINT**
**Case No.**