Shaamini Babu, Esq. (SBN 230704)
Arcolina Panto, Esq. (SBN 235786)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: sbabu@sjlawcorp.com
Email: apanto@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, *et al*.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, *et al*.,<br><br>Plaintiffs,<br>v.<br><br>A1 BROOM SERVICE INC., a California Corporation; and BONDI FORTINI, an Individual,<br><br>Defendants. | Case No. 3:20-cv-05615 VC<br><br>**[PROPOSED]** ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AS MODIFIED |

Defendant A1 Broom Service Inc., a California Corporation, and Defendant Bondi Fortini, an individual (referred to collectively as "Defendants") having failed to plead or otherwise defend this action, their defaults having been entered.

The *Eitel* factors support the entry of default judgment in this case. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); *see* Fed. R. Civ. P. 8(b)(6). Those factual allegations, coupled with the exhibits in the record, establish that the defendants have failed to submit the necessary documents for an audit of its payrolls, thereby failing to comply with the requirements of the Bargaining Agreements and Trust Agreement and violating ERISA. *See* 29 U.S.C. § 1145; Master Agreements § 12.01.04, Dkt. No. 23-2; Trust Agreement § 6, Dkt. No. 23-2.

It is hereby ORDERED that Defendants promptly submit the following documents to Plaintiffs' auditors to allow for completion of audit of Defendants' payroll records for the period January 1, 2016 through December 31, 2020.

The required documents are as follows:

- *Individual Earnings Records;*
- *Federal Tax Forms W-2/W-3;*
- *Workers Compensation Reports;*
- *Weekly Payroll Reports for all employees during the audit period;*
- *Cash Disbursements Journals or Check Registers or Bank Statements or Accounts Payable covering transactions made during the audit period;*
- *Any and all other documents requested by the auditors once these documents are received and reviewed.*

The plaintiffs' request for attorneys' fees is denied without prejudice since the selection for the audit was random and since there is currently no evidence supporting the defendants' delinquency. *See Northwest Administrators, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). The plaintiffs' request for an order requiring the defendants to pay the delinquent contributions as calculated by the audit is denied without prejudice. The Federal Rules indicate that the Court should retain a role in assessing "the amount of damages." Fed. R. Civ. P. 55(b)(2). Following the audit, the plaintiffs may return for an award of the "unpaid contributions," including any "interest on the unpaid contributions" and "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132(g)(2)(A)-(D).

Dated: March 19, 2021

_____
United States District Judge Vince Chhabria